Hon. James P. McGrath City Attorney, Oswego
This is in response to your letter wherein you ask for an opinion of the Attorney General relating to the following. You state that at the Oswego Common Council meeting of September 11, 1978, the Council voted 4-4 on a resolution providing that the retainage on certain contracts which were nearing their completion be reduced from 5 percent to 2.5 percent. You further state that the Mayor in accordance with section 4.05 of the City Charter voted in favor of the resolution. Your specific question is whether said resolution was duly adopted.
The Charter of the City of Oswego, § 3.00 provides:
 "Legislative authority shall be vested in the Common Council which shall be composed of eight aldermen who shall represent the citizens of the City's eight wards."
The Charter of the City of Oswego, § 4.05 provides in part:
 "The Mayor shall preside over the City Council, and appoint and charge regular and special committees of the Council. He shall be eligible to vote only in case of a tie, but he may be heard at all times. The Mayor shall not be counted towards a quorum, but he shall determine the presence of a quorum. * * * The Mayor may veto all Council actions, including line items within a budget resolution, and his veto may be overridden by two-thirds of the whole membership of the Council." (Emphasis supplied.)
The Charter of the City of Oswego, § 3.13 provides in part:
 "No motion or resolution or other action of the Common Council authorizing the expenditure of money or the making of local improvements or repairs shall pass unless with the assent of a majority of all the members authorized to be elected to the Council. * * *" (Emphasis supplied.)
We construe the provisions of the Charter of the City of Oswego, § 3.13 to relate to the expenditures of money or the making of local improvements. In a telephone conversation with you, we have ascertained that previous legislation authorized the expenditures of money for construction on the Westside Sewage Treatment Plant in question. We do not construe the reduction of the retainage on such a project as it nears its completion to fall within the purview of the Charter of the City of Oswego, § 3.13, annd therefore a majority of all the members authorized to be elected to the Council was not necessary to reduce the percentage of retainage and where there was a 4-4 deadlock in the Council the Mayor was authorized pursuant to provisions of section 4.05 of the Charter to break such deadlock.
Accordingly, we conclude that the resolution in question was legally adopted.